AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
### for the
### District of Columbia

United States of America
v.

Michael Hershberger-Davis  (AKA: Michael Hershberger)

_____
*Defendant*

)
)
)
)
)
)
)
)

Case: 1:24-mj-00306
Assigned To : Judge Zia M. Faruqui
Assign. Date : 9/26/2024
Description: COMPLAINT W/ARREST WARRANT

## ARREST WARRANT

To:    Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*    Michael Hershberger-Davis  (AKA: Michael Hershberger)_____ ,
who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment    ☐ Superseding Indictment    ☐ Information    ☐ Superseding Information    ☒ Complaint
☐ Probation Violation Petition    ☐ Supervised Release Violation Petition    ☐ Violation Notice    ☐ Order of the Court

This offense is briefly described as follows:

18 U.S.C. § 1752(a)(1)- Entering and Remaining in a Restricted  Building or Grounds;
18 U.S.C. § 1752(a)(2)- Disorderly and Disruptive Conduct in a Restricted Building or Grounds;
40 U.S.C. § 5104(e)(2)(D)- Disorderly Conduct in a Capitol Building;
40 U.S.C. § 5104(e)(2)(G)- Parading, Demonstrating, or Picketing in a Capitol Building.

Date:    09/26/2024_____

_____
*Issuing officer's signature*

City and state:    Washington, D.C._____

_____
*Zia M. Faruqui; U.S. Magistrate Judge*

| Return | | |
|---|---|---|
| This warrant was received on *(date)* 9/26/2024 , and the person was arrested on *(date)* 10/16/2024 at *(city and state)* Statesville , NC . | | |

Date: 10/16/2024

_____
*Arresting officer's signature*

Jared Schaefer    FBI/SA
*Printed name and title*

AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### District of Columbia

| | |
|---|---|
| United States of America<br>v.<br>Donald Charles Stedman Jr. , (DOB: XXXXXXXXX)<br>Michael Hershberger-Davis , (DOB: XXXXXXXX) (AKA:<br>Michael Hershberger)<br><br>_Defendant(s)_ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case: 1:24-mj-00306<br>Assigned To : Judge Zia M. Faruqui<br>Assign. Date : 9/26/2024<br>Description: COMPLAINT W/ARREST WARRANT |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of _____January 6, 2021_____ in the county of _____ in the
_____ in the District of ____Columbia____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1752(a)(1)- | Entering and Remaining in a Restricted  Building or Grounds; |
| 18 U.S.C. § 1752(a)(2)- | Disorderly and Disruptive Conduct in a Restricted Building or Grounds; |
| 40 U.S.C. § 5104(e)(2)(D)- | Disorderly Conduct in a Capitol Building; |
| 40 U.S.C. § 5104(e)(2)(G)- | Parading, Demonstrating, or Picketing in a Capitol Building. |

This criminal complaint is based on these facts:

See attached statement of facts.

☒ Continued on the attached sheet.

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1
by telephone.

Date:  09/26/2024  _____                    _____
                                                                                                    _Judge's signature_

City and state:  _____Washington, D.C._____                _____
                                                                                                    _Zia M. Faruqui; U.S. Magistrate Judge_

**STATEMENT OF FACTS**

Your affiant, Special Agent ▮▮▮▮▮▮▮ is a Special Agent assigned to FBI Charlotte Division, / Hickory RA and have been since October 2023. My career in law enforcement began in May of 2020, where I spent three years as a sworn Police Officer/Detective with the La Porte Police Department (LPPD) in Indiana. I spent approximately the first year tasked with completing the police academy, performing road patrol duties which consisted of responding to 911 calls for police assistance for all types of crimes, conducting self-initiated activities to deter crime, taking part in community engagement initiatives and numerous other jobs vital to LPPD's mission; being a member of the Detective Bureau where I conducted a number of logical investigations into robberies, burglaries, sexual assaults, child molestations, murder, and other violent crimes for approximately two years. In my time as a law enforcement officer, I have received several hundred hours of training in the investigations of general crimes.

The U.S. Capitol is secured 24 hours a day by U.S. Capitol Police. Restrictions around the U.S. Capitol include permanent and temporary security barriers and posts manned by U.S. Capitol Police. Only authorized people with appropriate identification were allowed access inside the Capitol. On January 6, 2021, the exterior plaza of the U.S. Capitol was closed to the public.

On January 6, 2021, a joint session of the United States Congress convened at the United States Capitol, which is located at First Street, SE, in Washington, D.C. During the joint session, elected members of the United States House of Representatives and the United States Senate were meeting in separate chambers of the United States Capitol to certify the vote count of the Electoral College of the 2020 Presidential Election, which had taken place on November 3, 2020. The joint session began at approximately 1:00 p.m. Shortly thereafter, by approximately 1:30 p.m., the House and Senate adjourned to separate chambers to resolve a particular objection. Vice President Mike Pence was present and presiding, first in the joint session, and then in the Senate chamber.

As the proceedings continued in both the House and the Senate, and with Vice President Mike Pence present and presiding over the Senate, a large crowd gathered outside the U.S. Capitol. As noted above, temporary, and permanent barricades were in place around the exterior of the U.S. Capitol building, and U.S. Capitol Police were present and attempting to keep the crowd away from the Capitol building and the proceedings underway inside.

At such time, the certification proceedings were still underway, and the exterior doors and windows of the U.S. Capitol were locked or otherwise secured. Members of the U.S. Capitol Police attempted to maintain order and keep the crowd from entering the Capitol; however, around 2:00 p.m., individuals in the crowd forced entry into the U.S. Capitol, including by breaking windows and by assaulting members of the U.S. Capitol Police, as others in the crowd encouraged and assisted those acts.

Shortly thereafter, at approximately 2:20 p.m. members of the United States House of Representatives and United States Senate, including the President of the Senate, Vice President Mike Pence, were instructed to—and did—evacuate the chambers. Accordingly, the joint session of the United States Congress was effectively suspended until shortly after 8:00 p.m. Vice

President Pence remained in the United States Capitol from the time he was evacuated from the Senate Chamber until the sessions resumed.

During national news coverage of the events, video footage which appeared to be captured on mobile devices of persons present on the scene depicted evidence of violations of local and federal law, including scores of individuals inside the U.S. Capitol building without authority.

DONALD CHARLES STEDMAN, JR. ("STEDMAN") and MICHAEL HERSHBERGER-DAVIS ("HERSHBERGER"), residents of Statesville, North Carolina, were present both inside and outside of the United States Capitol on January 6, 2021. The STEDMAN and HERSHBERGER came to Washington, D.C. from their homes in North Carolina to attend the Stop the Steal rally on the National Ellipse. STEDMAN wore a tan jacket and a black Trump 2020 winter hat. He carried a blue backpack. HERSHBERGER wore a grey hoodie, a black Adidas track jacket, and a gray All-American Concrete winter hat. He carried a Trump 2020 Thin Blue Line flag attached to a flagpole.



**Image 1: Open-source photograph of STEDMAN and HERSHBERGER from January 6, 2021. HERSBERGER is circled in red and STEDMAN is circled in yellow.**

After attending the former-President's Stop the Steal Rally, STEDMAN and HERSHBERGER walked with other members of the crowd from the Ellipse towards the restricted grounds of the U.S. Capitol. Open-source video captured the two men walking down Constitution Avenue (Image 2).



**Image 2: Open-source photograph of STEDMAN and HERSHBERGER walking on Constitution Avenue from January 6, 2021. HERSBERGER is circled in red and STEDMAN is circled in yellow.**

STEDMAN and HERSHBERGER entered the restricted Capitol grounds on the West side of the building. Open-source depicts the two men moving through the crowd towards the Inaugural Scaffolding. From their position on the West Lawn, STEDMAN and HERSHBERGER had a clear vantage point of rioters standing on the Upper West Terrace, climbing the NW Stairs, and people standing on and within the Inaugural Scaffolding. (Image 3).



**Image 3: Open-source photograph of STEDMAN and HERSHBERGER in the crowd on the restricted grounds of the U.S. Capitol on January 6, 2021. HERSBERGER is circled in red and STEDMAN is circled in yellow.**

STEDMAN and HERSHBERGER continued farther into Capitol grounds, eventually climbing to the Upper West Terrace of the Capitol. At approximately 3:26 p.m., HERSHBERGER entered the Capitol building via the Senate Wing Door. This was the door where the initial breach of the Capitol occurred 75 minutes earlier. The door itself and the windows to either side of the door were visibly broken, and rioters were climbing through the broken window to his right. A line of U.S. Capitol Police wearing riot gear stood just inside the doorway trying to control the crowd. HERSHBERGER appeared to be filming with his cell phone as he entered the building. (Image 4.)



**Image 4: HERSHBERGER, indicated by yellow arrow, enters the Capitol building via the Senate Wing Door.**

At approximately 3:28 p.m., STEDMAN entered the Capitol building via the Senate Wing Door. CCTV shows that by the time STEDMAN entered the building, HERSHBERGER had turned right and begun to walk towards the Crypt. (Image 5)



**Image 5: CCTV footage of STEDMAN and HERSHBERGER in Senate Wing Hallway on January 6, 2021. HERSBERGER is circled in red and STEDMAN is circled in yellow.**

HERSHBERGER turned back towards the Senate Wing Door and regrouped with STEDMAN just inside the entryway at approximately 3:31 p.m. Rioters are climbing through the broken Senate Wing Doorway window in front of them. Open-source video taken by other rioters shows the pair talking and HERSHBERGER talking on the phone (Image 6)



**Image 6: Open-source footage of STEDMAN and HERSHBERGER in Senate Wing Hallway on January 6, 2021. HERSBERGER is circled in red and STEDMAN is circled in yellow.**

CCTV depicts HERSBERGER continuing to record video with his phone and taking a phone call. At approximately 3:32 p.m., STEDMAN puts two "FUCK ANTIFA" stickers on the wall next to the Senate Wing Door as HERSHBERGER watches. (Images 7 & 8)



**Image 6 (above): CCTV footage of STEDMAN and HERSHBERGER in Senate Wing Hallway on January 6, 2021. HERSHBERGER is circled in red. STEDMAN, circled in**

**yellow, affixes a "FUCK ANTIFA" sticker to the wall. Image 7 (below): A close-up photograph of the sticker.**



HERSHBERGER and STEDMAN exited the building via the Senate Wing Door at approximately 3:33 p.m. (Image 9)



**Image 9: CCTV footage of STEDMAN and HERSHBERGER exiting the U.S. Capitol January 6, 2021. HERSBERGER is circled in red and STEDMAN, circled in yellow, appears to speak to a U.S. Capitol Police Officer.**

**Identification of HERSHBERGER and STEDMAN**

On April 28, 2022, the FBI San Antonio Division received public tip that MICHAEL HERSHBERGER was at the U.S. Capitol on January 6, 2021. On July 7, 2022, an FBI Special Agent determined that telephone number ████████, associated with HERSHBERGER, utilized a cell site consistent with providing service to a geographic area that includes the interior of the United States Capitol building. Subpoena returns from Google revealed that a Google device belonging to HERSHBERGER (email address ████████████████, recovery SMS ████████) was present inside the geographic area that includes the interior of the United States Capitol building.

A review of public records reveals that HERSHBERGER owns a business named All American Concrete. The gray hat that HERSHBERGER wore at the Capitol read "All American Concrete ████." The number advertised on the hat is the same number that utilized a cell site consistent with providing service to a geographic area that includes the interior of the United States Capitol building.

On July 22, 2022, an FBI TFO and Special Agent Craig Overby interviewed HERSHBERGER. HERSHBERGER stated that he did not go inside the Capitol on January 6, 2021. He stated that he attended President Donald Trump's speech with a friend before walking toward the U.S. Capitol. He said he never went inside the Capitol building and never passed any police barricades. He denied seeing any violence, thefts, or destruction of property. HERSHBERGER claimed he left the area about 5:30 p.m. HERSHBERGER was advised he was photographed inside the Capitol and warned it was against law to lie to a federal Agent during a federal investigation. As detailed below, HERSHBERGER admitted in a later interview that he entered the Capitol on January 6, 2021.

On March 15, 2024, the Washington Field Office (WFO) forwarded an anonymous public tip to the Charlotte Division that alleged DONALD STEDMAN was trespassing inside of the U.S Capitol on January 6th, 2021. Images of STEDMAN at the Capitol were sent with the tip.

On April 30th, 2024, a TFO and I interviewed STEDMAN at his home. After being advised of our identities and the nature of the interview, STEDMAN spoke to us for several minutes. STEDMAN stated he met some friends at the Capitol but denied seeing anything outlandish occur. STEDMAN said they were at the Capitol when he and his friends received a mass text message instructing them to leave the area. He stated this occurred at approximately 6:00 p.m. and that left the area before things got worse.

When asked if he was inside the Capitol on January 6, 2021, STEDMAN said he and his friend, "Mikey" never made it inside. When I asked who "Mikey" was and STEDMAN said he was a friend from school but could not remember "Mikey's" last name. When shown a photo of him inside of the Capitol, STEDMAN denied ever being inside and alleged that the FBI found the photo on Facebook without him in it and doctored the image to include his face. When I asked how to reconcile this with the message he received at 6 p.m. to get out, STEDMAN stated that he was actually out of the Capitol by 4:30 p.m. and received the message after leaving the area. STEDMAN then ended the interview.

As part of my investigation, I reviewed video footage and still images that were taken in the vicinity of the Capitol on January 6, 2021, including Closed-Circuit Television ("CCTV"), the tip the FBI received, and footage and social media posts that has been made publicly available on the internet. After interviewing STEDMAN face-to-face, I concluded that STEDMAN was the individual depicted in the photos and videos from the Capitol.

On August 1st, 2024, I queried phone number ███████████, associated with HERSHBERGER, returned a positive result for HERSHBERGER'S Google account, ██████████████████████, within the geographic area that includes the interior of the U.S. Capitol building. A map was generated with the data as well, which shows the device within the area of the Capitol on January 6th, 2024, at approximately 3:30 PM.

On September 10, 2024, I interviewed HERSHBERGER. After being advised of the identity of the interviewing law enforcement personnel and the nature of the interview, HERSHBERGER admitted he went into the Capitol. HERSHBERGER stated that he did not see anyone get assaulted but saw some individuals acting foolishly. HERSHBERGER confirmed he was present in the Capitol with STEDMAN. He stated that they were together in Washington, D.C. but drove to Washington D.C. separately from North Carolina. When I showed him a photo of him and STEDMAN in the Capitol and asked if the photo depicted them, HERSHBERGER replied, "I think so." After interviewing HERSHBERGER face-to-face, I concluded that HERSHBERGER was the individual depicted in the photos and videos from the Capitol.

Based on the foregoing, your affiant submits that there is probable cause to believe that MICHAEL HERSHBERGER and DONALD STEDMAN violated 18 U.S.C. § 1752(a)(1) and (2), which makes it a crime to (1) knowingly enter or remain in any restricted building or grounds without lawful authority to do; and (2) knowingly, and with intent to impede or disrupt the orderly conduct of Government business or official functions, engage in disorderly or disruptive conduct in, or within such proximity to, any restricted building or grounds when, or so that, such conduct, in fact, impedes or disrupts the orderly conduct of Government business or official functions; or attempts or conspires to do so.  For purposes of Section 1752 of Title 18, a "restricted building" includes a posted, cordoned off, or otherwise restricted area of a building or grounds where the President or other person protected by the Secret Service, including the Vice President, is or will be temporarily visiting; or any building or grounds so restricted in conjunction with an event designated as a special event of national significance.

I also submit there is also probable cause to believe that the DONALD STEDMAN and MICHAEL HERSHBERGER violated 40 U.S.C. § 5104(e)(2)(D), and (G), which makes it a crime to willfully and (D) utter loud, threatening, or abusive language, or engage in disorderly or disruptive conduct, at any place in the Grounds or in any of the Capitol Buildings with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress, or the orderly conduct in that building of a hearing before, or any deliberations of, a committee of Congress or either House of Congress; and (G) parade, demonstrate, or picket in any of the Capitol Buildings.



Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone, this 26th day of September 2024.

_____
HONORABLE ZIA M. FARUQUI
U.S. MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT
Western District of North Carolina

UNITED STATES OF AMERICA

**v.**

Michael Hershberger–Davis
*Defendant*

Case Number: 3:24–mj–00326–SCR *SEALED*

**ORDER**

Pursuant to Rule 5(f) of the Federal Rules of Criminal Procedure, the Court confirms the obligation of the Government to disclose to the defendant all exculpatory evidence that is, evidence that favors the defendant or casts doubt on the case brought by the Government under Brady v. Maryland, 373 U.S. 83 (1963) and its progeny, and ORDERS the Government to comply with this obligation. The Government is advised that failure to disclose exculpatory evidence in a timely manner may result in the exclusion of evidence, dismissal of charges, contempt proceedings, disciplinary actions, or other sanctions, as may be appropriate.

It is so ordered.

Date:___October 17, 2024___

Susan C. Rodriguez
United States Magistrate Judge

AO 466A (Rev. 12/09) Waiver of Rule 5 & 5.1 Hearings (Complaint or Indictment)

# UNITED STATES DISTRICT COURT
### Western District of North Carolina

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| v. | ) ) | Case No: 3:24−mj−00326−SCR |
| Michael Hershberger−Davis | ) | Charging District's Case No: 1:24-mj-00306 |
| *Defendant* | ) ) | |

### WAIVER OF RULE 5 & 5.1 HEARINGS
#### (Complaint or Indictment)

I understand that I have been charged in another district, the District of Columbia

I have been informed of the charges and of my rights to:

(1)    retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2)    an identity hearing to determine whether I am the person named in the charges;

(3)    production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4)    a preliminary hearing within 14 days of my first appearance if I am in custody and 21 days otherwise −
       unless I am indicted − to determine whether there is probable cause to believe that an offense has
       been committed;

(5)    a hearing on any motion by the government for detention;

(6)    request transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

☑    an identity hearing and production of the warrant.

☐    a preliminary hearing.

☐    a detention hearing.

☐    an identity hearing, production of the warrant, and any preliminary or detention hearing to which I may
     be entitled in this district. I request that those hearings be held in the prosecuting district, at a time set
     by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending
against me.

Date: __ October 17, 2024 __                             _____
                                                         *Defendant's Signature*

                                                         _____
                                                         *Signature of defendant's attorney (if any)*

                                                         Kelly Sullivan_____
                                                         *Printed name of defendant's attorney (if any)*

# UNITED STATES DISTRICT COURT
## Western District of North Carolina

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) | |
| **V.** | ) ) ) | Case Number: 3:24–mj–00326–SCR *SEALED* |
| Michael Hershberger–Davis<br>*Defendant* | ) ) ) | |

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

(1) The defendant shall not commit any federal, state or local crime.

(2) The defendant must cooperate in the collection of a DNA sample if it is authorized by 34 U.S.C. § 40702.

(3) The defendant shall live at a place approved by the probation officer. The probation officer shall be notified in advance of any change in living arrangements (such as location and the people with whom the defendant lives) or phone number. If advance notification is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.

## RELEASE ON PERSONAL RECOGNIZANCE OR UNSECURED BOND

It is further ordered that the defendant be released on condition that:

☑ (4) The defendant promises to appear in court as required and, if convicted, surrender to serve any sentence imposed.

☑ (5) The defendant executes an unsecured bond binding the defendant to pay to the United States the sum of Twenty five thousand (unsecured) ($25,000) in the event of a failure to appear as required or surrender to serve any sentence imposed.

### ADDITIONAL CONDITIONS OF RELEASE

Pursuant to 18 U.S.C. § 3142(c)(1)(B), the Court finds the following are the least restrictive condition(s) necessary to reasonably assure the appearance of the person as required as the safety of any other person and the community.

It is further ordered that the defendant's release is subject to the conditions marked below:

☐ (6) The defendant is placed in the custody of _____, who resides at _____, phone number _____, who agrees (a) to supervise the defendant in accordance with all of the conditions of release, (b) to use every effort to assure the defendant's appearance at all scheduled court proceedings, and (c) to notify the Court immediately if the defendant violates any condition of release.

    ☐ The defendant is placed in the custody of this custodian for all purposes.

    ☐ The defendant is placed in the custody of this custodian for transportation purposes only.

By signing below, the third–party custodian acknowledges that failure to comply may subject him/her to adverse consequences.

_____    _____
Signature of Third–Party Custodian                                              Date

☑ (7) The defendant shall:

    ☑ (a) report to the probation office in a manner and frequency as directed by the Court or probation officer.

    ☑ (b) work full time (at least 30 hours per week) at lawful employment, actively seek such gainful employment or be enrolled in a full time educational or vocational program unless excused by the probation officer. The defendant shall notify the probation officer within 72 hours of any change regarding employment or education.

    ☑ (c) surrender any passport to the Office of Probation and Pretrial Services.

    ☑ (d) obtain no passport or other international travel document.

    ☑ (e) abide by the following restrictions on personal association, residence, or travel:

        The defendant shall not leave the federal judicial district where he/she is authorized to reside without first getting permission from the Court or the probation officer. Further, the defendant shall not communicate or interact with any person he/she knows is engaged in criminal activity.

        ☑ The defendant shall not communicate or interact with any person he/she knows to be convicted of a felony unless granted permission to do so by the probation officer.

        ☑ In addition to the Western District of North Carolina, the defendant may travel or reside in the following districts: <u>District of Columbia for court appearances and meetings with counsel (Defendant may travel through districts in NC and VA when travel to DC is required)</u>.

    ☑ (f) avoid all contact, directly or indirectly, with any person who is or may become a victim or witness in the investigation or prosecution, including but not limited to: co–defendants, _____.

    ☐ (g) seek and obtain reasonable medical treatment as follows: _____, including taking all medications as prescribed by a licensed health care practitioner.

## ADDITIONAL CONDITIONS OF RELEASE

☐ (h) participate in a mental health evaluation and treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise the defendant's participation in the program (including, but not limited to provider, location, modality, duration, and intensity). The defendant shall take all mental health medications as prescribed by a licensed health care practitioner.

☐ (i) maintain residence at a halfway house or community corrections center, as the probation officer considers necessary.

☑ (j) not possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

☑ (k) refrain from `excessive` use of alcohol.

☑ (l) not unlawfully purchase, possess, use, distribute or administer any narcotic or controlled substance or any psychoactive substances (including, but not limited to, synthetic marijuana, bath salts) that impair a person's physical or mental functioning, whether or not intended for human consumption, or any paraphernalia related to such substances, except as duly prescribed by a licensed medical practitioner.

☐ (m) participate in a program of testing for prohibited substance abuse (if deemed advisable by the probation officer). The defendant shall not obstruct or attempt to obstruct or tamper, in any fashion, with the efficiency and accuracy of the testing.

    ☐ One positive drug screen requires that the defendant be returned to court.

☐ (n) participate in a substance abuse treatment program (if deemed advisable by the probation officer) and follow the rules and regulations of that program. The probation officer will supervise the defendant's participation in the program (including, but not limited to, provider, location, modality, duration, intensity).

☐ (o) attend and complete the substance abuse or treatment program located at _____. The defendant is to be released no later than _____ AM on _____. Upon his/her release from custody, the defendant shall be transported by the most direct means and way possible to this program. Upon successful completion of the program, the defendant shall:

    ☐ remain out of custody and report to the United States Probation Office as soon as possible so that further proceedings can be scheduled to determine if the defendant will be allowed to continue to be released pending further proceedings.

    ☐ be immediately returned to custody at a location as directed by the United States Marshals Service. The defendant is to be transported to such location by the most direct means and way possible.

    ☐ If the defendant fails to complete the program successfully, the defendant shall immediately be returned to custody.

    ☐ The defendant shall sign all waivers necessary to allow the probation officer to monitor the defendant's participation in the program.

## ADDITIONAL CONDITIONS OF RELEASE

☐ (p) participate in the following location monitoring program component(s) and abide by its requirements as the probation officer instructs. For each component, the defendant shall maintain a telephone at the defendant's place of residence without any "call forwarding", "Caller ID services", "call waiting", dial−up computer modems, 1−800 long distance call block, fax machine, voice over protocol (VOIP), burglar alarm or three−way calling service. The location monitoring technology that will be used (i.e., Radio Frequency (RF), GPS, Voice Recognition, Mobile Biometric Application) is to be selected by the probation officer.

☐ The defendant shall submit to **curfew**, with location monitoring technology, and comply with its requirements as directed. During this time, the defendant is restricted to the defendant's residence between _____ and _____, or as directed by the probation officer.

☐ The defendant shall submit to **home detention**, with location monitoring technology, and comply with its requirements as directed. During this time, the defendant is restricted to the defendant's residence at all times except for employment; education; religious services; medical, substance abuse or mental health treatment; attorney visits; court appearances; court−ordered obligations; or other activities pre−approved by the probation officer.

☐ The defendant shall submit to **home incarceration**, with location monitoring technology, and comply with its requirements as directed. During this time, the defendant is restricted to the defendant's residence 24 hours a day except for medical necessities and court appearances, or other activities specifically approved by the Court.

☐ The defendant shall submit to **standalone monitoring**. The defendant will have no residential curfew, home detention or home incarceration restrictions. However, the defendant must comply with the location or travel restrictions as imposed by the Court. Standalone monitoring should be used in conjunction with global positioning system (GPS) technology.

☐ The probation office is allowed up to three (3) business days to install the location monitoring technology.

☐ (q) pay the cost of location monitoring not to exceed the daily contractual rate. Payment for the location monitoring shall be made in accordance with the probation officer's direction.

☑ (r) notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer.

☐ (s) support all dependents including any dependent child, or any person the defendant has been court ordered to support.

☑ (t) submit to a search if the probation officer has a reasonable suspicion that the defendant has committed a crime or a violation of a condition of supervision. Such a search may be conducted by a U.S. Probation Officer, and such other law enforcement personnel as the probation officer may deem advisable, without a warrant or the consent of the defendant. Such search may be of any place where evidence of the above may reasonably be expected to be found, including the defendant's person, property, house, residence, vehicle, communications or data storage devices or media, or office. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition.

☐ (u) comply with the standard sex offender conditions and any optional conditions as ordered (see attachment).

☐ (v) FOR SRV CASES: In addition to the conditions imposed herein, the defendant shall comply with any conditions of supervision previously imposed by the District Court. To the extent there is a conflict between the conditions, the District Court's conditions of supervised release shall control.

☐ (w) Additional conditions of release:

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (i.e., in addition to) to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1)   an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more − you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
(2)   an offense punishable by imprisonment for a term of five years or more, but less than fifteen years − you will be fined not more than $250,000 or imprisoned for not more than five years, or both;
(3)   any other felony − you will be fined not more than $250,000 or imprisoned not more than two years, or both;
(4)   a misdemeanor − you will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgment of the Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
Defendant's Signature

_____
Charlotte, North Carolina

City and State

### Directions to the United States Marshal

☑   The defendant is ORDERED released after processing.
☐   The defendant is ORDERED released after location monitoring is in place.
☐   The United States Marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions of release.

Date:   October 17, 2024

_____
Susan C. Rodriguez
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## Western District of North Carolina

UNITED STATES OF AMERICA

VS.

**APPEARANCE BOND**
Case Number: 3:24–mj–00326–SCR *SEALED*

Michael Hershberger–Davis

Non–Surety:[   ] I, the undersigned defendant acknowledge that I and my . . .
Surety: We, the undersigned, jointly and severally acknowledge that we and our . . .
personal representatives, jointly and severally, are bound to pay to the United States of America the sum of
$25,000_____ (unsecured) , and there has been deposited in the Registry of the Court the sum of
$_____ in cash or _____ (describe other security).

    The conditions of this bond are that the defendant Michael Hershberger–Davis
is to appear before this court and at such other places as the defendant may be required to appear, in accordance
with any and all orders and directions relating to the defendant's appearance in this case, including appearance for
violation of a condition of defendant's release as may be ordered or notified by this court or any other United
States District Court to which the defendant may be held to answer or the cause transferred. The defendant is to
abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any
order or direction in connection with such judgment.

    It is agreed and understood that this is a continuing bond (including any proceeding on appeal or review)
which will continue until such time as the undersigned are exonerated.

    If the defendant appears as ordered or notified and otherwise obeys and performs the foregoing conditions of
this bond, then this bond is to be void, but if the defendant fails to obey or perform any of these conditions,
payment of the amount of this bond will be due forthwith. Forfeiture of this bond for any breach of its conditions
may be declared by any United States District Court having cognizance of the above entitled matter at the time of
such breach and if the bond is forfeited and if the forfeiture is not set aside or remitted, judgment may be entered
upon motion in such United States District Court against each debtor jointly and severally for the amount above
stated, together with interest and costs, and execution may be issued and payment secured as provided by the
Federal Rules of Criminal Procedure and any other laws of the United States.

This bond is signed on    October 17, 2024   at       Charlotte, North Carolina

                        Date                                       Place

Defendant: _____    Address: _____

Surety: _____    Address: _____

Surety: _____    Address: _____

Signed and acknowledged before me on    October 17, 2024   Michelle Anderton

                                       Date               Deputy Clerk

Approved: _____
             Susan C. Rodriguez
             United States Magistrate Judge

Case 1:24-mj-00306-ZMF    Document 9    Filed 10/18/24

# UNITED STATES DISTRICT COURT
Western District of North Carolina

| | |
|---|---|
| UNITED STATES OF AMERICA <br><br> **v.** <br><br> Michael Hershberger–Davis <br> *Defendant* | ) <br> ) <br> ) Case No: 3:24–mj–00326–SCR <br> ) <br> ) Charging District: District of Columbia <br> ) Charging District's Case No: 1:24-mj-00306 <br> ) <br> ) |

### ORDER REQUIRING A DEFENDANT TO APPEAR IN THE DISTRICT WHERE CHARGES ARE PENDING AND TRANSFERRING BAIL

After a hearing in this court, the defendant is released from custody and ordered to appear in the district court where the charges are pending to answer those charges. If the time to appear in that court has not yet been set, the defendant must appear when notified to do so. Otherwise, the time and place to appear in that court are:

| Place: U.S. District Court for the District of Columbia 333 Constitution Avenue N.W. Washington D.C. 20001 | Courtroom No.: |
|---|---|
| | Date and Time October 31, 2024 |

The clerk is ordered to transfer any bail deposited in the registry of this court to the clerk of the court where the charges are pending.

Date: __ October 17, 2024 __

_Susan C. Rodriguez_
Susan C. Rodriguez
United States Magistrate Judge

CLOSED

# U.S. District Court
## Western District of North Carolina (Charlotte)
## CRIMINAL DOCKET FOR CASE #: 3:24-mj-00326-SCR All Defendants

Case title: USA v. Hershberger-Davis

Date Filed: 10/16/2024

Date Terminated: 10/17/2024

Assigned to: US Magistrate Judge Susan C. Rodriguez

### Defendant (1)

**Michael Hershberger-Davis**
*TERMINATED: 10/17/2024*

| **Pending Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Opening)**

None

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| 18:1752(a)(1) - ENTERING AND REMAINING IN A RESTRICTED BUILDING OR GROUNDS; 18:1752(a)(2) - DISORDERLY AND DISRUPTIVE CONDUCT IN A RSTRICTED BUILDING OR GROUNDS; 40:5104(e)(2)(D) - DISORDERLY CONDUCT IN A CAPITOL BUILDING; 40:5104(e)(2)(G) - PARADING, DEMOSTRATING, OR PICKETING IN A CAPITOL BUILDING | |

### Plaintiff

**USA**

| Date Filed | # | Docket Text |
|---|---|---|
| 10/16/2024 | | Arrest (Rule 5) of Michael Hershberger-Davis (mga) (Entered: 10/17/2024) |
| 10/17/2024 | | Set/Reset Deadlines/Hearings as to Michael Hershberger-Davis: Initial Appearance - Rule 5 set for 10/17/2024 12:00 PM in Courtroom #1B, 401 W Trade St, Charlotte, NC 28202 before US Magistrate Judge Susan C. Rodriguez. (mga) (Entered: 10/17/2024) |
| 10/17/2024 | 1 | DISTRICT OF COLUMBIA SEALED COMPLAINT as to Michael Hershberger-Davis (Attachments: # 1 District of Columbia - Statement of Facts, # 2 District of Columbia - Warrant, # 3 District of Columbia - Order to Seal)(brl) (Entered: 10/17/2024) |
| 10/17/2024 | | Minute Entry: INITAL APPEARANCE and DETENTION HEARING as to Michael Hershberger-Davis held before US Magistrate Judge Susan C. Rodriguez. Defendant advised of rights & charges. Defendant moved for appointment of counsel. Defendant filed a financial affidavit. Court denied appointment of counsel. Government moved for detention. Defendant released on conditions. Government attorney: Robert Gleason. Defendant attorney: Kelly Sullivan. Court Reporter: Digital Court Reporter. (mga) (Entered: 10/17/2024) |
| 10/17/2024 | 2 | CJA 23 (Ex Parte) Financial Affidavit by Michael Hershberger-Davis (mga) (Entered: 10/17/2024) |
| 10/17/2024 | | **ORAL ORDER as to Michael Hershberger-Davis denying Oral Motion to Appoint Counsel. Entered by US Magistrate Judge Susan C. Rodriguez on 10/17/24. (mga)** (Entered: 10/17/2024) |
| 10/17/2024 | 3 | **ORDER pursuant to the Due Process Protection Act as to Michael Hershberger-Davis. Signed by US Magistrate Judge Susan C. Rodriguez on 10/17/24. (mga)** (Entered: 10/17/2024) |
| 10/17/2024 | 4 | WAIVER of Preliminary Hearing by Michael Hershberger-Davis (mga) (Main Document 4 replaced on 10/17/2024) (mga). (Entered: 10/17/2024) |
| 10/17/2024 | 5 | **Appearance Bond Entered *(Restricted)* as to Michael Hershberger-Davis in amount of $ 25,000 unsecured. Signed by US Magistrate Judge Susan C. Rodriguez on 10/17/24. (mga)** (Entered: 10/17/2024) |
| 10/17/2024 | 6 | **ORDER *(Restricted)* Setting Conditions of Release as to Michael Hershberger-Davis (1) 25,000 unsecured. Signed by US Magistrate Judge Susan C. Rodriguez on 10/17/24. (mga)** (Entered: 10/17/2024) |
| 10/17/2024 | 7 | **ORDER holding defendant to answer and to appear in district of prosecution or district having Probation Jurisdiction as to Michael Hershberger-Davis. Signed by US Magistrate Judge Susan C. Rodriguez on 10/17/24. (mga)** (Entered: 10/17/2024) |
| 10/17/2024 | | Rule 5(c)(3) Documents Emailed to District of Columbia as to Michael Hershberger-Davis (mga) (Entered: 10/17/2024) |
| 10/17/2024 | | Notice to District of Columbia of a Rule 5 or Rule 32 Initial Appearance as to Michael Hershberger-Davis. Your case number is: 3:24-mj-306. Using your PACER account, you may retrieve the docket sheet and documents. (Documents: 6 Order Setting Conditions of Release, 3 Order Due Process Protection Act, 7 Order Rule 5 Bond Release, 5 Bond, 4 Waiver of Preliminary Hearing ) (*If you wish to designate a different email address for future transfers, send a request to InterDistrictTransfer_TXND@txnd.uscourts.gov.*) (mga) (Entered: 10/17/2024) |

| 10/18/2024 | 8 | Original Notice Regarding US Passport *(Sealed - Attorney)* as to Michael Hershberger-Davis; (available to: USA, Michael Hershberger-Davis) (Rodrick Burnette - me) (Entered: 10/18/2024) |